PARILEE WILLIAMS, by next friend, *v.* J. B. WIL-
LIAMS *et al.*

HOMESTEAD. *Conveyance without wife's consent. Title void. Remedy.* Where-
the wife does not join in a conveyance of the homestead, such convey-
ance is absolutely void, so far as it abridges her homestead rights,
and she may, by next friend, file a bill *quia timet* to have the cloud
removed and her homestead rights declared, though she has never
parted with the possession or occupancy.

Code cited: Sec. 2114 *a.*

FROM HENDERSON.

Appeal from the Chancery Court. GEORGE H.
NIXON, Chancellor.

TAYLOR & WOODS for complainant.

No counsel for defendant.

NICHOLSON, C. J., delivered the opinion of the court.

J. B. Williams, being the owner in fee of a small
tract of land in Henderson county, which, with the
improvements thereon, was worth less than $1,000, on
the 28th of December, 1872, sold and conveyed the
same to John M. Seal, and executed to him a deed
in fee simple, with covenants of seizin and of general
warranty. In this conveyance complainant Parilee,
who is the wife of said J. B. Williams, did not join.
By her next friend, she files her bill, alleging these

Williams *v.* Williams.

facts, and also that this tract of land is all the real property owned by her husband or herself, and that at the time of the conveyance her husband and herself were in the actual possession of the land as their homestead, and that they still continue in possession thereof, but that the deed so made by her husband, without her joining therein, constitutes a cloud upon her rights under the homestead law, and she prays that the cloud be removed and her rights declared and protected.   The bill was filed against J. B. Williams and J. M. Seals, as to both of whom the bill was taken for confessed.   Upon the hearing, Chancellor Nixon dismissed the bill, and complainant has appealed.

The Constitution secures a homestead in the possession of each head of a family, and the improvements thereon, to the value in all of one thousand dollars, and exempts the same from sale under legal process during the life of such head of a family.

The plain intention of this provision is, not merely to protect the husband, as the head of the family, in the possession and enjoyment of the homestead, but the protection of the interests of the wife and the minor children constituted a leading consideration for the adoption of the provision.   This fact is apparent by the prohibition against the alienation of the property without the joint consent of the husband and wife, when that relation exists.   To give complete protection to the wife and children, the homestead is not only exempt from the reach of creditors of the husband, but he is deprived of the power to defeat

the enjoyment of the homestead by his wife and children, by selling and conveying it, except by deed in which she joins. And the Legislature, in giving legislative effect to these provisions, requires that the conveyance shall be regulated by the laws as to the conveyance of land by married women; that is, the conveyance can be effective only upon the privy examination of the wife. Code, sec. 2114 *a.*

It is manifest, from these constitutional and legislative provisions, that while possession of the homestead is the essential feature in the exemption from sale under legal process, or by the deed of the husband, the wife is recognized as having a present, subsisting and continuing interest in the maintenance and preservation of the benefits of this possession, and that she has such a right in the land, connected with the right of possession, that when that right is violated she is entitled to claim the protection of the courts.

In the present case the husband has undertaken, in contravention of the express prohibition of the Constitution and statute law, to convey the entire title of the homestead tract, without the consent and against the will of his wife. It is now a rule of property, made permanent by the fundamental law, that every head of a family is deprived of the right to alienate the homestead, unless his wife joins in the conveyance. It follows that such conveyance is absolutely void, and communicates no title to the purchaser, so far as it abridges or interferes with the wife's homestead right; and the wife, by her next friend, has such an interest in the preservation of the homestead as entitles

her to invoke the protection of a court of chancery, by bill *quia timet,* to have the cloud upon her rights removed, and her homestead rights declared.

The decree of the Chancellor will be reversed with costs, and a decree rendered here in accordance with this opinion.